UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2005-HE1 | : : : : : | Case No. 1:07-cv-175 Beckwith, C.J. Black, M.J. |
| Plaintiff, | : : | |
| vs. | : : | |
| WILLIAM APPLETON, aka William R. Appleton, *et al.*, | : : : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 15) BE GRANTED

Plaintiff initiated this action by filing a Complaint for Foreclosure against Defendants William Appleton ("Appleton") and PHH Mortgage Corporation ("PHH"), and others, on March 5, 2007. (Doc. 1.) On June 18, 2007, the Clerk of Court filed an Entry of Default against Appleton and PHH. (Doc. 14.)

On June 19, 2007, Plaintiff filed the Motion for Default Judgment which is now before the Court. (Doc. 15.) In conformity with the Court's Procedures for Foreclosure Actions Based on Diversity Jurisdiction, General Order No. 07-03 (S.D. Ohio May 13, 2007), the motion is supported by proof of service, a proposed judgment, and affidavits

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

containing payment history and attesting that these defendants are not incompetent, minors, or serving in the military. (*See id.*, atts.) No opposition to the motion has been filed.

## DISCUSSION

The procedure governing the entry of default and default judgment is found in Fed. R. Civ. P. 55, which provides in pertinent part:

> a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b) Judgment. Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default, as was done here.  *See* Fed. R. Civ. P. 55(a).  Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  However, those allegations relating to the amount of damages suffered ordinarily are not.  A judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.  *Id.*  The moving party is entitled to all reasonable inferences from the evidence it offers.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (internal citation omitted).

Review of the record establishes that these Defendants were properly served and that they failed to plead or otherwise defend.  (*See* Docs. 6, 10.)  The exhibits attached to the complaint and the motion for default judgment are sufficient to establish that a debt in the amount of $111,038.71, plus interest, is owed to Plaintiff and to identify the property that is subject of the debt.

Through their failure to respond to Plaintiff's Motion for Default Judgment, as well as their failure to respond to Plaintiff's Complaint, Defendants Appleton and PHH have made it clear that they have no intention of defending this action.  Thus, the undersigned finds that default judgment is appropriate.  Because the damages are fixed

3

and certain, default judgment may be entered without an adversarial hearing.  *See* Fed. R. Civ. P. 55(b).

**IT IS THEREFORE RECOMMENDED THAT** judgment be entered against Defendants William Appleton and PHH Mortgage Corporation pursuant to Fed. R. Civ. P. 55(b)(2) and that the proposed Judgment Entry and Decree of Foreclosure (*see* Doc. 15-3) be entered.


Date:  7/23/07                     s/Timothy S. Black                     
                                   Timothy S. Black
                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2005-HE1 | : Case No. 1:07-cv-175 <br> : <br> : Beckwith, C.J. <br> : Black, M.J. <br> : |
| Plaintiff, | : |
| vs. | : |
| WILLIAM APPLETON, aka William R. Appleton, *et al.*, | : |
| Defendants. | : |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date of entry of this Report and Recommendation. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).